**Latricia D. ARNOLD, a/k/a Nikkie Moore, a Delinquent Child, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. J–87–399.**

Court of Criminal Appeals of Oklahoma.

Oct. 15, 1987.

William R. McKinney, Asst. Public Defender, Juvenile Div., Oklahoma City, for appellant.

Robert H. Macy, Oklahoma County Dist. Atty., Stephen L. Sullins, Asst. Dist. Atty., Juvenile Div., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Latricia D. Arnold, a/k/a Nikkie Moore, appellant, was found guilty of the crime of Larceny from a Person in violation of 21 O.S.1982 Supp., § 1704 in the District Court of Oklahoma County and adjudged to be a delinquent child, and she appeals.

During the afternoon of February 28, 1987, Ms. S. Ruble was in the ladies restroom of a department store, located in Crossroads Mall, changing her baby's diaper. She had placed her wallet containing all of her credit cards and cash in the diaper bag immediately at her side. She noticed the appellant approaching her but continued changing her baby's diaper. When finished, she looked up to see the appellant holding her wallet. When Ms. Ruble made an attempt to take the wallet back, the appellant raised her fist, threatening Ms. Ruble.

Ms. Ruble grabbed the appellant's raised fist and wrestled the wallet from her other hand. Ms. Ruble, still holding on to the appellant, then opened the restroom door and had a store clerk call security. At this point, the appellant broke free of Ms. Ruble's grasp and ran for the doors where, apparently, she was apprehended.

■ The appellant presented no defense at her hearing and did not testify. Ms. Ruble was the only witness for the State. The State initially rested before having Ms. Ruble make an in-court identification of the appellant. At this point, the defense demurred to the evidence, was overruled and rested. The State was allowed to re-open its case and Ms. Ruble identified the appellant in court. The defense again briefly cross-examined Ms. Ruble only to establish the fact that the wallet and its contents exceeded fifty (50) dollars in value.

As her first assignment of error, the appellant argues that the trial court erred in not sustaining the demurrer to the evidence and further erred in allowing the State to re-open its case. We must disagree.

The court may allow either party to reopen its case-in-chief "for good reason, in the furtherance of justice, or *to correct an evident oversight....*" 22 O.S.1981, § 831(4) (emphasis added). This is a matter left to the sound discretion of the trial court, *see Shipman v. State*, 639 P.2d 1248 (Okl.Cr.1982); *Hickman v. State*, 626 P.2d 873 (Okl.Cr.1981); and has been as such since statehood. *See Shires v. State*, 2 Okl.Cr. 89, 99 P. 1100 (1909). We see no abuse of discretion here and conclude that this assignment is frivolous and without merit.

■ Appellant's second proposition, that the trial court erred in finding the appellant guilty of Larceny from a Person because the wallet was taken from a diaper bag *very near* the person, but not *on* the person. Rather, appellant argues, she should be convicted of Grand Larceny.

This is a distinction without a difference. 21 O.S.1982 Supp., § 1704(2) *defines* Grand Larceny as taking property "from the person of another." In *Wilson v. State*, 637 P.2d 900 (Okl.Cr.1981), we pointed out the fact that a charge of taking property from a person is supported "by proof of a taking from the 'presence', since such proof does not constitute a fatal variance." *Id.* at 902. (Citation omitted).

However, we agree with the appellant's counsel on appeal that the record should accurately reflect the charge which is the basis of a conviction; that being Grand Larceny/Larceny from the Person. Accordingly, the order adjudicating the appellant a delinquent child is AFFIRMED; however, the case is REMANDED to the trial court to correct the record nunc pro tunc in a manner consistent with the views expressed herein.

BRETT, P.J., and PARKS, J., concur.