2008 OK CR 3

**James Cheyenne BROWN, Appellant**

v.

**STATE of Oklahoma, Appellee.**

No. F–2006–340.

Court of Criminal Appeals of Oklahoma.

Jan. 23, 2008.

John Albert, James Pasquali, Oklahoma City, OK, attorneys for defendant at trial.

Gayland Gieger, Pam Stillings, Assistant District Attorneys, Oklahoma City, OK, attorneys for State at trial.

David Autry, Oklahoma City, OK, attorney for appellant on appeal.

W.A. Drew Edmondson, Oklahoma Attorney General, Keeley L. Harris, Assistant Attorney General, Oklahoma City, OK, attorneys for appellee on appeal.

1. *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct.

A. JOHNSON, Judge.

### SUMMARY OPINION

¶ 1 James Cheyenne Brown, Appellant, was tried by jury in the District Court of Oklahoma County, Case No. CF–2004–6248, and found guilty of 100 Counts of Possession of Obscene Material Involving the Participation of a Child Under 18, in violation of 21 O.S.2001, § 1021.2. The jury fixed punishment at six months imprisonment on each count. The Honorable Susan P. Caswell, who presided at trial, sentenced Brown accordingly and ordered the sentences to be served consecutively. From this judgment and sentence Brown appeals, raising the following issues:

(1) whether the convictions on 100 counts of possession of child pornography violate statutory and constitutional prohibitions against multiple punishment for the same offense;

(2) whether he was denied his right to a unanimous verdict;

(3) whether the jury convicted him on an improper basis;

(4) whether he was denied a fair trial through admission of certain evidence that was irrelevant and highly prejudicial and through improper comments made by the prosecutor;

(5) whether he was erroneously denied a *Franks* [1] hearing in connection with his motion to suppress evidence that was seized from his home under a search warrant; and

(6) whether his sentence should be modified because the jury was not instructed that he must serve 85% of any sentence imposed before becoming eligible for parole.

### 1. Multiple Punishment

¶ 2 In his first claim of error, Brown argues that his convictions on 100 counts of possession of child pornography violate the statutory prohibition against imposing multiple punishments for a single offense found at 21 O.S.2001, § 11. He also argues that his multiple convictions violate the Double Jeop-

2674, 57 L.Ed.2d 667 (1978).

ardy Clause of the United States Constitution and that trial counsel's failure to raise multiple punishment and double jeopardy objections constituted ineffective assistance of counsel.

¶ 3 The statute Brown is charged with violating reads:

> [a]ny person who shall procure or cause the participation of any minor under the age of eighteen (18) years in any child pornography or who knowingly possesses, procures, or manufactures, or causes to be sold or distributed any child pornography shall be guilty, upon conviction, of a felony and shall be punished by imprisonment for not more than twenty (20) years. . . .

21 O.S.2001, § 1021.2. Child pornography is defined as:

> any film, motion picture, videotape, photograph, negative, undeveloped film, slide, photographic product, reproduction of a photographic product, CD–ROM, magnetic disk memory, magnetic tape memory, play or performance wherein a minor under the age of eighteen (18) years is engaged in any act with a person, other than his or her spouse, of sexual intercourse ... [or other sexual conduct], or where the lewd exhibition of the uncovered genitals has the purpose of sexual stimulation of the viewer. . . .

21 O.S.2001, § 1024.1(A). The relevant portion of 21 O.S.2001, § 11(A) provides:

> [A]n act or omission which is made punishable in different ways by different provisions of this title may be punished under any of such provisions, ... but in no case can a criminal act or omission be punished under more than one section of law. . . .

¶ 4 Here, the State introduced 88 individual images and 12 video clips constituting child pornography taken from at least one computer hard drive and as many as eight CD–ROM disks. The State also introduced a 25–page exhibit containing hundreds of images of nude or semi-nude children, with no indication of the medium from which they were derived other than testimony from a police detective that most of the images were obtained from a computer hard drive from one of the two computers seized at Brown's residence. It was the State's theory that Brown could be convicted on all 100 counts on the basis of the 88 images and 12 video clips depicting children engaged in sexual acts, or alternatively, on any 100 of the nude or semi-nude depictions, or any combination of the two, regardless of the number of media storage units on which they were collected.

¶ 5 Title 21 O.S.2001, § 1024.1 defines a digital/magnetic storage device containing lewd images of children as a distinct item of child pornography and photographic products as separate items. In this case, the State's evidence provided a factual basis showing that Brown possessed nine different digital/magnetic storage devices which contained hundreds of pornographic images of children. We find, therefore, that the State has proven only nine counts of possession of child pornography, and accordingly affirm Counts 1 through 9, but reverse Counts 10 through 100 as impermissible multiple punishment in violation of 21 O.S.2001, § 11.[2]

¶ 6 Because we grant relief on this claim on statutory grounds, and by doing so necessarily determine that 21 O.S.2001, § 11, is not violated by convictions on Counts 1 through 9, we need not reach Brown's double jeopardy or ineffective assistance of counsel claims. *Cf. Head v. State*, 2006 OK CR 44, ¶ 11, 146 P.3d 1141, 1145 (holding that traditional double jeopardy analysis is conducted only where Section 11 does not apply) (citing *Mooney v. State*, 1999 OK CR 34, ¶ 14, 990 P.2d 875, 882–83).

## 2. Unanimous Verdict

¶ 7 In his second claim of error, Brown argues that he was denied his right to a

---

**2.** The parties note that we reached a similar result in *Merrick v. State*, No. F–2005–569 (Oct. 19, 2006) (not for publication) where we found that a CD–ROM is a distinct item of storage in a multiple-image child pornography prosecution. We are not persuaded by the State's argument, however, that our reasoning in *Merrick* does not apply in this instance. *See also Kennedy v. State*, No. C–2006–1088 (July 17, 2007) (not for publication) (holding that 21 O.S.2001, § 1024.1 defines digital/magnetic storage device as single item of pornography but affirming multiple counts of conviction by finding existence of sufficient factual basis in record to support each charged count).

unanimous verdict in violation of Article 2, Section 19 of the Oklahoma Constitution because the jury was not required to unanimously agree on which of the hundreds of sexually explicit images introduced as evidence corresponded to the specific counts alleged in the charging information. Our disposition of Brown's multiple punishment claim renders this claim moot. Nevertheless, if we were to reach the issue we would deny relief because Brown fails to demonstrate that the alleged error rises to the level of reversible plain error. *See Hogan v. State,* 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923 (holding that under plain error review, appellant must show that alleged error constitutes substantial violation of constitutional or statutory right, *i.e.,* that outcome of proceeding would have been different absent the error).

### 3. Improper Basis for Alternative Finding of Guilt

■ ¶ 8 Brown contends that it was error for the prosecutor to argue to jurors that in addition to convicting him on the basis of sexually explicit images contained in State's Exhibits 1 and 2, they could also convict in the alternative by relying on images of nude or semi-nude children contained in State's Exhibit 5. Given that 21 O.S.2001, § 1024.1 defines child pornography as depictions of minors engaged in sexual acts, and also includes within its scope the "lewd exhibition of the uncovered genitals [for] the purpose of sexual stimulation of the viewer," the State's alternative theory based on these images presented the jury with a valid basis for conviction where Brown testified that he viewed the images for his own sexual stimulation. We find neither error nor plain error.

### 4. Irrelevant and Prejudicial Evidence

■ ¶ 9 Brown argues that the trial court erred by admitting: (1) the testimony of his female companion in which she repeated statements made by Brown detailing his violent sexual fantasies about children; and (2) a copy of a fictional story removed from Brown's computer describing the sexual abuse and murders of young girls. Brown also complains under this proposition that the prosecutor made numerous improper and prejudicial comments while cross-examining him and during closing argument.

¶ 10 Brown objected to the admission of the female companion's testimony. The testimony was relevant, however, to showing that any images Brown possessed that did not show children engaged in explicit sexual acts were nevertheless viewed by him for sexual stimulation. The trial court did not abuse its discretion by permitting the testimony.

¶ 11 Brown objected to the admission of the fictional story, but did so on grounds different than those he advances here. Assuming without deciding that it was error for the trial court to admit this evidence, the error, if any, does not rise to the level of reversible plain error. *See, e.g., Young v. State,* 2000 OK CR 17, ¶ 49, 12 P.3d 20, 37 (holding that failure to object at trial on grounds raised on appeal waives review for all but plain error).

¶ 12 Similarly, trial counsel raised some objections during Brown's cross-examination and during the prosecutor's closing argument. Again, the bases for these objections were different from those put forward here. We find nothing in the prosecutor's questioning of Brown or in her closing argument that rises to the level of reversible plain error.

### 5. *Franks* Hearing

¶ 13 Brown claims the trial court improperly denied his request for a *Franks* hearing in connection with his motion to suppress evidence obtained under a search warrant executed at his home. We find no error. *See Pickens v. State,* 2001 OK CR 3, ¶ 5, 19 P.3d 866, 872 (holding that to demonstrate entitlement to hearing challenging validity of search warrant, defendant must make substantial preliminary showing that affiant's statement contained in warrant application affidavit was false, and that statement was made knowingly and intentionally, or with reckless disregard for the truth, and that the allegedly false statement was necessary for the finding of probable cause); *Franks v. Delaware,* 438 U.S. 154, 155–56, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667 (1978) (same).

## 6. 85% Jury Instruction and Sentencing

█ ¶ 14 Brown claims the trial court improperly denied his request for a jury instruction on the 85% statutory limit on parole eligibility that applied to the crimes with which he was charged. Brown argues that this error requires a modification of his sentence.

█ ¶ 15 In *Anderson v. State*, 2006 OK CR 6, ¶ 24, 130 P.3d 273, 282, we held that jurors should be informed of the 85% statutory limit on parole eligibility when they are sentencing defendants for qualifying offenses. Clearly, the trial court erred by refusing this instruction. Nevertheless, we do not automatically reverse on a finding of *Anderson* instructional error. *Carter v. State*, 2006 OK CR 42, ¶ 5, 147 P.3d 243, 244. Rather, we also consider whether the error resulted in a miscarriage of justice or substantial violation of a constitutional or statutory right. *Id.*

█ ¶ 16 In this instance, despite the error, we find relief is not warranted. Given that the jury only sentenced Brown to six months on each count, a term of imprisonment *far* below the maximum of twenty years it could have imposed for each count, we cannot conclude that the error probably resulted in a miscarriage of justice or a substantial violation of a constitutional or statutory right. *See* 20 O.S.2001 § 3001.1 ("[n]o judgment shall be set aside ... in any case, civil or criminal, on the ground of misdirection of the jury or for error in any matter of pleading or procedure, unless it is the opinion of the reviewing court that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right"); *Hogan*, 2006 OK CR 19, ¶ 38, 139 P.3d at 923 (defining substantial violation of constitutional or statutory right as one affecting outcome of proceeding).

## 7. Additional Matters

### a. *Pro Se "Request for Judicial Notice"*

█ ¶ 17 In addition to the briefs filed on his behalf by appellate counsel, Brown has tendered a document for filing in this case that he has styled "Request for Judicial No-

tice." In the document Brown raises numerous challenges to the trial court's decision to run his sentences consecutively.

¶ 18 Rule 3.4(E), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2008), requires that all *pro se* legal briefs submitted by a represented appellant contain a statement from appellate counsel certifying that he has reviewed the legal arguments and determined they raise viable, non-frivolous legal issues. The rule also requires counsel to certify that he has determined that the arguments as presented comply with the rules of this Court. Rule 3.4(E) states unequivocally that "[t]his Court will summarily deny *'pro se'* briefs which are merely forwarded by the appellant's attorney without compliance with the requirements of this Rule."

¶ 19 Brown's *pro se* brief, ostensibly styled as a "Request for Judicial Notice," does not contain the required verifications. The Clerk is directed to return Brown's tendered "Request for Judicial Notice" to him as not accepted for filing.

### b. *Nunc Pro Tunc Correction to Judgment & Sentence*

█ ¶ 20 In reviewing the record of this case, it is apparent there is an error in the district court's judgment and sentence document. The Judgment and Sentence states that Brown was convicted for violating 21 O.S.2001, § 1021. The information and jury instructions clearly show, however, that he was charged and convicted for violating 21 O.S.2001, § 1021.2. This error is significant. Section 1021 deals with indecent exposure, indecent exhibitions, and soliciting minors for child pornography, whereas Section 1021.2 deals with possession of child pornography.

¶ 21 The erroneous statutory references in the Judgment and Sentence are obviously the result of clerical error. Accordingly, upon remand, in addition to issuing an order dismissing Counts 10 through 100, the district court will also need to correct the Judgment and Sentence *nunc pro tunc* to reflect that the remaining counts of conviction (Counts 1–9) are for violations of 21 O.S.2001, § 1021.2. *See Head v. State*, 2006 OK CR 44,

¶ 30, 146 P.3d 1141, 1149 (holding that erroneous judgment and sentence must be corrected by order *nunc pro tunc*, because the record must accurately reflect the charge that is the basis for conviction); *Arnold v. State*, 1987 OK CR 220, ¶ 9, 744 P.2d 216, 218 (same); *Dunaway v. State*, 1977 OK CR 86, ¶ 19, 561 P.2d 103, 108 (same).

## DECISION

¶ 22 Counts 1–9 of the Judgment and Sentence are **AFFIRMED.** Counts 10–100 are **REVERSED and REMANDED** with instructions to **DISMISS.** The District Court shall enter an order *nunc pro tunc* correcting the Judgment and Sentence to reflect that the convictions are for violations of 21 O.S.2001, § 1021.2. The Clerk is directed to return Brown's *pro se* "Request for Judicial Notice" to him as not accepted for filing. Under Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2008), the **MANDATE** is **ORDERED** issued upon delivery and filing of this decision.

C. JOHNSON, V.P.J., and CHAPEL and LEWIS, JJ., concur.

LUMPKIN, P.J., concur in results.

LUMPKIN, Presiding Judge, concurring in results.

¶ 1 As the U.S. Supreme Court enunciated in *Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), "legislatures, not courts, prescribe the scope of punishment." The Court's decision in this case is dictated by the language of 21 O.S.2001, § 1024.1. The Legislature could have, but did not, make each individual image on a "CD–ROM" or in a "magnetic disk memory" a separate offense under the statute. Because such Legislative intent was not expressed by the language of the current statute, the cumulative images on a "CD–ROM" or in a "magnetic disk memory" constitute but a single offense. This does not seem consistent with the rest of the statute however as the statute does delineate that each separate photograph is a separate item subject to prosecution. This Court is required to apply the plain language of the statute. Under the present statutory language, this Court must reverse those counts that do not constitute a separate act. As a matter of public policy the Legislature could make the possession of each individual image a separate offense, but until they do so the present language of the statute controls. I therefore concur in the Court's decision.