FILED

United States Court of Appeals

Tenth Circuit

**April 1, 2009**

Elisabeth A. Shumaker

Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BOBBIE OTTO POWERS,

      Petitioner-Appellant,

v.

WALTER DINWIDDIE, Warden,

      Respondent-Appellee.

No. 08-6213

(W.D. of Okla.)

(D.C. No. CV-07-661-R)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

An Oklahoma jury convicted Bobbie Otto Powers of four counts of indecent or lewd acts with a child under sixteen in violation of Okla. Stat. tit. 21, § 1123(A). The jury sentenced Powers to four fifteen-year prison terms; the state trial court ordered him to serve these sentences consecutively. On direct appeal, the Oklahoma Court of Criminal Appeals (OCCA) affirmed Powers's conviction

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

and sentences. Powers filed an application for post-conviction relief in state court, which the trial court denied. The OCCA affirmed the denial.

Powers then filed this habeas petition in federal court pursuant to 28 U.S.C. § 2254. The district court referred the case to a magistrate judge, who issued a well-reasoned report and recommendation. The district court adopted the report and recommendation and denied Powers's habeas petition. The court also declined to issue a certificate of appealability (COA) or grant Powers *in forma pauperis* status for purposes of appeal.

Powers, proceeding pro se in this appeal,[1] renews his request for a COA. A COA is a jurisdictional prerequisite to our review of the district court's denial of Powers's habeas petition. *See Coronado v. Ward*, 517 F.3d 1212, 1215 (10th Cir. 2008) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003)); *see also* § 2253(c)(1). To secure a COA, Powers must make a "substantial showing of the denial of a constitutional right," § 2253(c)(2), such that "reasonable jurists would find the district court's assessment of [his] constitutional claims debatable or wrong," *Miller-El*, 537 U.S. at 338.

Powers raises numerous issues in his application for a COA: (1) the OCCA violated his due process and equal protection rights when it refused to modify his sentence due to the trial court's failure to instruct the jury on Oklahoma's 85

---

[1] Because Powers proceeds pro se, we construe his filings liberally. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).

percent rule;[2] (2) the jury instructions contained various errors that deprived him of a fair trial; (3) evidence presented at Powers's preliminary hearing did not establish probable cause and he was therefore improperly bound over for trial; (4) Powers was denied a fair trial when the state trial court admitted evidence of his prior bad acts; and (5) his sentence was unconstitutionally excessive.

We conclude, based on our independent review of the record, and for substantially the same reasons given by the district court, that Powers has not made a "substantial showing of the denial of a constitutional right" with respect to any of the issues he raises, and we therefore deny his request for a COA. *See* § 2253(c)(2)

First, state law did not require the OCCA to modify Powers's sentence to correct the trial court's failure to instruct on the 85 percent rule. The OCCA was merely required to determine whether the error "resulted in a miscarriage of justice or substantial violation of a constitutional or statutory right." *See Brown v. State*, 177 P.3d 577, 581 (Okla. Crim. App. 2008). The OCCA considered the issue, but in spite of the 85 percent rule, found Powers's sentence to be "fair under the circumstances." *Powers v. State*, No. F-2005-793, slip op. at 3 (Okla.

---

[2] Under the 85 percent rule, "[p]ersons convicted of: . . . [l]ewd molestation of a child . . . shall be required to serve not less than eighty-five percent (85%) of any sentence of imprisonment imposed by the judicial system prior to becoming eligible for consideration for parole." Okla. Stat. tit. 21, § 13.1. In 2006, while Powers's direct appeal was pending, the OCCA held that trial courts should instruct jurors on the 85 percent rule prior to sentencing. *Anderson v. State*, 130 P.3d 273, 283 (Okla. Crim. App. 2006).

Crim. App. Sept. 19, 2006). Therefore, without an independent federal constitutional violation, the OCCA did not infringe Powers's federal due process rights when it refused to modify his sentence under state law. *Cf. Carbray v. Champion*, 905 F.2d 314, 318 (10th Cir. 1990) (holding that it is not a violation of due process for a state court to exercise its discretion, under state law, to modify a sentence on appeal).

Nor did the OCCA violate equal protection guarantees by failing to modify the sentence. Even if the OCCA somehow erred in refusing to modify Powers's sentence, the mere misapplication of state law by a state appellate tribunal does not amount to an equal protection violation. *See Cummings v. Sirmons*, 506 F.3d 1211, 1237 (10th Cir. 2007) (finding no support for the argument that a state court violates a defendant's equal protection rights by erroneously applying state law). In any event, Powers has failed to show he is similarly situated to other defendants whose sentences were modified by the OCCA, and therefore cannot state a prima facie equal protection claim. *Cf. United States v. Moore*, 543 F.3d 891, 897 (7th Cir. 2008) (denying a defendant's disparate-sentencing equal protection claim and recognizing that, under federal law, sentencing is an "individualized process going well beyond the details of the defendant's instant offense").

Second, as the district court properly found, none of the various alleged errors in the jury instructions warrant habeas relief. Powers claims the

-4-

instructions did not adequately differentiate the four charges against him, provided insufficient material facts to the jury, and did not set forth the dates of Powers's criminal acts. According to Powers, the instructions led the jury to believe it was required to convict him on all four counts or none. Our review of the record convinces us that Powers has failed to show any of the alleged errors "so infected the entire trial that the resulting conviction violates due process." *Cummings*, 506 F.3d at 1240 (quoting *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977)). Powers is therefore not entitled to a COA on his various jury instruction claims.

Third, Powers's claim that there was insufficient evidence presented in his preliminary hearing for the state to bind him over for trial is not redressable by way of a habeas petition. A § 2254 petition challenges the validity of a state prisoner's conviction and sentence, *Yellowbear v. Wyo. Attorney Gen.*, 525 F.3d 921, 924 (10th Cir. 2008), and the Supreme Court has long held that an "illegal arrest or detention does not void a subsequent conviction," *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975). Because Powers was ultimately convicted, his claim regarding the sufficiency of the evidence at his preliminary hearing cannot be grounds for habeas relief. *See Montoya v. Scott*, 65 F.3d 405, 422 (5th Cir. 1995).

Fourth, with respect to the evidence of Powers's prior bad acts, Powers has not shown that the trial court's evidentiary rulings violated his constitutional rights. We give considerable deference to state court evidentiary rulings and

"may not provide habeas corpus relief . . . unless [those rulings] rendered the trial so fundamentally unfair that a denial of constitutional rights results." *Duckett v. Mullin*, 306 F.3d 982, 999 (10th Cir. 2002) (internal quotations omitted); *see also Smallwood v. Gibson*, 191 F.3d 1257, 1277 (10th Cir. 1999) (applying the same standard to review a state court's decision to admit evidence of prior bad acts). Because Powers has not shown his trial was fundamentally unfair, he is not entitled to a COA on his evidentiary claim.

Finally, we decline to issue a COA on Powers's excessive sentence claim. Powers asserts that because he was seventy years old when he was sentenced, his consecutive sentences equate to life imprisonment, which he contends is excessive in this case. But "[t]he Eighth Amendment analysis focuses on the sentence imposed for each specific crime, not on the cumulative sentence for multiple crimes." *Hawkins v. Hargett*, 200 F.3d 1279, 1285 n.5 (10th Cir. 1999). Powers's fifteen-year sentences are within the statutory range of punishment for lewd acts with a child under sixteen. See Okla. Stat. tit. 21, § 1123(A). These sentences are not "extraordinary" or "grossly disproportionate" and therefore do not violate the Eighth Amendment. *See United States v. Gillespie*, 452 F.3d 1183, 1190–91 (10th Cir. 2006) (collecting authorities).

For the foregoing reasons, Powers has failed to make a substantial showing of the denial of a constitutional right. We therefore DENY his request for a COA

and DISMISS this appeal.  We further DENY Powers's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge