FILED
United States Court of Appeals
Tenth Circuit

August 15, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BRYAN K. BROWN,

      Petitioner - Appellant,

v.

JANET DOWLING, Warden,

      Respondent - Appellee.

No. 14-7018
(D.C. No. 6:11-CV-00079-RAW-KEW)
(E.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

---

Bryan Brown seeks a certificate of appealability ("COA") to appeal the district

court's denial of his 28 U.S.C. § 2254 habeas petition.  We deny a COA and dismiss the

appeal.

**I**

In 2008, Brown pled no contest in Oklahoma state court to three counts of child

sexual abuse.  The state agreed that it would not pursue additional charges for lewd

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

molestation and possession of child pornography, and would recommend concurrent sentences of thirty years with ten years suspended. At a plea hearing, Brown stated under oath that he understood he was waving his right to a trial and would not be permitted to call witnesses except at sentencing, that he discussed the issues with his attorney, that counsel properly assisted him, and that he entered his plea voluntarily and without coercion. The prosecution stated it was prepared to present evidence demonstrating that Brown had improper sexual contact with two of his step-grandchildren and a foster child while they were entrusted to his care. Brown also acknowledged that the state communicated its intent to file further charges related to other improper sexual contact with a child and "more than one count" of child pornography. The court accepted Brown's plea, and imposed three concurrent sentences of thirty years' imprisonment with five years suspended.

Following sentencing, Brown moved to withdraw his plea based on ineffective assistance of counsel. His prior counsel withdrew from the case, and another attorney was appointed. At a hearing on the motion, Brown testified that he understood the charges against him and the potential penalties, but claimed that he believed a plea of no contest would result in a bench trial. The court denied Brown's motion. He appealed that denial to the Oklahoma Court of Criminal Appeals ("OCCA"), arguing that his plea had an inadequate factual basis. The OCCA issued a summary order denying review.

Following direct appeal, Brown sought state post-conviction relief on several grounds. Each of his claims was eventually denied by the Oklahoma state courts. Brown

then filed a § 2254 petition in federal court. The district court denied habeas relief, and declined to grant a COA. It did, however, grant Brown's motion to proceed in forma pauperis on appeal. Brown now requests a COA from this court.

## II

Brown may not appeal the denial of § 2254 relief without a COA. § 2253(c)(1). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To satisfy this standard, Brown must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

Although Brown raised additional issues before the district court, he advances only two arguments in his filings in this court.[1] First, he claims that his plea of no contest was not made voluntarily. "[T]o determine whether a plea was voluntary, the court must assess whether the defendant fully understood the consequences of the plea." United States v. Williams, 919 F.2d 1451, 1456 (10th Cir. 1990). Brown does not suggest in his federal filings that he misunderstood the consequences of his plea, and the record would belie any such suggestion. Instead, Brown argued below that he entered a plea only

---

[1] Brown also appears to challenge the OCCA's factual findings, but he does not identify which findings were errant or any evidence that allegedly supports his claims. Although we construe Brown's pro se filings liberally, we will not assume the role of his advocate. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

because his attorney falsely informed him that the prosecutor would file a child pornography charge for each image seized by police and that he would "die of old age in prison." Brown asserted that he could have been convicted of only one count per disk regardless of the number of images on each disk and that each count would carry only a five-year sentence, citing Brown v. State, 177 P.3d 577 (Okla. Crim. App. 2008), and Okla. Stat. tit. 21, § 1024.2.

Even assuming that Brown's legal assertions are correct and that counsel was misinformed as to the proper charging unit, we conclude that Brown's involuntary plea claim lacks merit. "An erroneous sentence estimate does not necessarily render a plea involuntary. In order for the plea to be held invalid, the defendant must show the plea was a product of material misrepresentations." Williams, 919 F.2d at 1456 (citations omitted). Police claimed to have discovered child pornography on sixteen recordable compact disks in Brown's home. Sixteen counts, each carrying a five-year term, in addition to the existing charges (to say nothing of other potential charges), clearly support counsel's bottom-line warning that Brown faced life in prison. "Merely because appellant . . . chose to rely on his own attorney's advice and plead guilty to the reduced charges rather than trust his fate to a jury on additional and more serious charges does not establish that the plea was involuntary." Lattin v. Cox, 355 F.2d 397, 400 (10th Cir. 1966).

Brown also claims that he received ineffective assistance of counsel with respect to his motion to withdraw his plea. A petitioner claiming ineffective assistance of

- 4 -

counsel must establish "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Brown states in conclusory fashion that his attorneys failed to properly investigate and present the motion to withdraw his plea. But he does not advance any argument explaining how these alleged failures prejudiced him; that is, Brown does not identify how counsel might have prevailed on the motion to withdraw the plea. Given the complete absence of argument on this prong, we must treat Brown's ineffective assistance argument as waived. See LaFevers v. Gibson, 182 F.3d 705, 725 (10th Cir. 1999) ("[I]ssues adverted to in a perfunctory manner and without developed argumentation are deemed waived on appeal.").

### III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge

- 5 -