OSCN Found Document:HAMILTON v. STATE

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 HAMILTON v. STATE
2016 OK CR 13
Case Number: F-2015-529
Decided: 06/01/2016
PAUL OWEN HAMILTON, Appellant, v. THE STATE OF OKLAHOMA, Appellee.
Cite as: 2016 OK CR 13, __ __

 

 




S U M M A R Y O P I N I O N



SMITH, PRESIDING JUDGE:


¶1 Appellant, Paul Owen Hamilton, was convicted by a jury in Tulsa County District Court, Case No. CF-2014-171, of Distribution of Child Pornography (21 O.S.2011, § 1021.2) (Count 1) and Aggravated Possession of Child Pornography (21 O.S.2011, § 1040.12a) (Count 2). On June 1, 2015, the Honorable William D. LaFortune, District Judge, sentenced him in accordance with the jury's recommendation as follows: Count 1, ten years imprisonment and a $15,000 fine; Count 2, twenty-five years imprisonment and a $10,000 fine. The court ordered the sentences to be served consecutively, with the longer sentence (Count 2) to be served first, and suspended the last half (five years) of Count 1. Appellant must serve 85% of these sentences before parole eligibility.

¶2 Hamilton raises four propositions of error in support of his appeal:

PROPOSITION I. The evidence was insufficient to prove beyond a reasonable doubt that Mr. Hamilton knowingly distributed child pornography.

PROPOSITION II. The evidence was insufficient to prove beyond a reasonable doubt that Mr. Hamilton knowingly possessed child pornography.

PROPOSITION III. The District Court's interpretation of the statutory language with respect to the offense charged in Count 2 of the Information and the facts underlying Mr. Hamilton's alleged offense was erroneous.

PROPOSITION IV. Mr. Hamilton's sentence is excessive and should be modified.

¶3 After thorough consideration of these propositions, and the entire record before us on appeal, including the original record, transcripts, and briefs of the parties, we affirm. The charges in this case stem from an investigation by the Tulsa Police Department which, using a popular online file-sharing program, sought and received images of child pornography from Appellant's Internet Protocol (IP) address. Those materials, in turn, served as the basis for a warrant to search Appellant's home computer, where over 100 images of child pornography were found.

¶4 In Propositions I and II, Appellant advances several theories as to why his convictions should be vacated for lack of sufficient evidence. In any case involving possession of contraband, the fact-finder must consider all the surrounding circumstances to decide whether the defendant's knowledge of the presence and nature of the prohibited material can reasonably be inferred, and whether anyone else might reasonably have had access to the place where the material was found. Proof of knowledge and control is often circumstantial in nature. Johnson v. State, 1988 OK CR 246, ¶ 5, 764 P.2d 530, 532. However, reasonable inferences from circumstantial evidence carry the same probative force as direct evidence. Easlick v. State, 2004 OK CR 21, ¶¶ 11, 15, 90 P.3d 556, 559. Similarly, with regard to the distribution of contraband, including child pornography, the defendant's knowledge of the material, and a willful intent to share it with others, are essential components of the charge. See Inst. No. 4-133, OUJI-CR (2d) (distribution of child pornography must be "willful," and requires that the defendant knew the nature and character of the material distributed); Hanf v. State, 1977 OK CR 41, ¶ 14, 560 P.2d 207, 210.

¶5 In this case, two detectives with experience in computer and Internet crimes, and child pornography investigations in particular, testified about the receipt of files from Appellant's IP address and the subsequent discovery of related files on his computer. They told the jury how file-sharing programs work, and how files are stored on a computer. Each detective used his personal smartphone to see whether Appellant's Internet connection was secure from infiltration (password-protected), and it was. Given the distribution of obscene material originating from Appellant's IP address, the discovery of the same type of material on Appellant's computer, the suspicious log of Internet search queries on that computer, and Appellant's statements to police, a rational juror could conclude, beyond a reasonable doubt, that Appellant knowingly possessed the obscene material and willfully made it available online.[1] Davis v. State, 1996 OK CR 15, ¶¶ 34-36, 916 P.2d 251, 260-61. Propositions I and II are therefore denied.

¶6 In Proposition III, Appellant claims that multiple obscene images on a single computer hard drive should be considered a single item of contraband, and that Count II should have been reduced to simple (i.e. not aggravated) possession of child pornography. Because this issue was raised and rejected below, it has been preserved for appellate review. Hancock v. State, 2007 OK CR 9, ¶ 114, 155 P.3d 796, 823. The statute defining Aggravated Possession of Child Pornography punishes the possession of 100 or more "separate materials" depicting child pornography. 21 O.S.2011, § 1040.12a(A). "Material" is not limited to physical objects used to store the offensive material (such as a computer hard drive), but includes each "image," "picture," or "depiction" stored therein. See 21 O.S.2011, §§ 1040.12a(B)(2), 1040.75. The Legislature clearly intended that each visual image of child pornography should constitute a separate "material" for purposes of 21 O.S.2011, § 1040.12a. The trial court properly rejected Appellant's argument.[2] Proposition III is denied.

¶7 As to Proposition IV, the sentences imposed were well within the statutory limits, and we have found no improper evidence or argument which might have unfairly prejudiced Appellant at trial. We cannot say the sentences imposed are shocking to the conscience. Rea v. State, 2001 OK CR 28, ¶ 5, 34 P.3d 148, 149. Proposition IV is denied.

DECISION

¶8 The Judgment and Sentence of the District Court of Tulsa County is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2016), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE WILLIAM D. LAFORTUNE, DISTRICT JUDGE


 
 
 
 ATTORNEYS AT TRIAL

 ROBERT V. HENSON
 405 SOUTH BOULDER, STE. 400
 TULSA, OK 74103
 COUNSEL FOR DEFENDANT

 
  

 ANDREA BROWN
 AMANDA SELF
 DISTRICT ATTORNEY'S OFFICE
 TULSA COUNTY COURTHOUSE
 500 SOUTH DENVER
 TULSA, OK 74103
 COUNSEL FOR THE STATE
 
 
 ATTORNEYS ON APPEAL

 RICKI J. WALTERSCHEID
 P.O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR APPELLANT

 
  

 E. SCOTT PRUITT
 ATTORNEY GENERAL OF OKLAHOMA
 DONALD D. SELF
 ASSISTANT ATTORNEY GENERAL
 313 NE 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 


 


OPINION BY: Smith, P.J.
Lumpkin, v.p.J.: CONCUR
Johnson, J.: CONCUR
Lewis, J.: CONCUR
HUDSON, J.: CONCUR



FOOTNOTES


[1] Several of the Internet search queries stored by Appellant's computer strongly suggested that a user had searched for child pornography. Appellant lived alone and there was no evidence that anyone else currently had access to his computer. The files received from Appellant's IP address, as well as the files discovered on his computer, included images from "the Lolita series," a collection of obscene images well-known to those who investigate such matters. Both detectives in this case were familiar with these images from their prior investigations. Images found on Appellant's computer were introduced into evidence. Although none of the images initially received from Appellant's IP address were introduced, a detective testified that one of the intercepted images, showing a nude female, approximately 12 years of age or younger, wearing high heels and posing on a white rug, was offered to the magistrate as probable cause to search Appellant's computer.



[2] Appellant's reliance on Brown v. State, 2008 OK CR 3, 177 P.3d 577, is misplaced. Brown was charged with 100 counts of simple possession of child pornography based on images found on several storage devices. There was no crime of "aggravated possession" at the time. Based on statutory language relevant to the particular charge (21 O.S.2001, § 1024.1), we held that the allowable unit of prosecution was each storage medium (e.g. CD or computer drive), rather than each image thereon. Brown, 2008 OK CR 3, ¶ 5, 177 P.3d at 579. As the parties and the district court observed below, the Legislature appears to have enacted the Aggravated Possession statute in direct response to Brown. In any event, the language of § 1040.12a is quite clear on the subject.

 









 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1988 OK CR 246, 764 P.2d 530, JOHNSON v. STATE
Discussed
 1996 OK CR 15, 916 P.2d 251, DAVIS v. STATE
Discussed
 2001 OK CR 28, 34 P.3d 148, 72 OBJ 2959, REA v. STATE
Discussed
 2004 OK CR 21, 90 P.3d 556, EASLICK v. STATE
Discussed
 2007 OK CR 9, 155 P.3d 796, HANCOCK v. STATE
Discussed
 2008 OK CR 3, 177 P.3d 577, BROWN v. STATE
Discussed at Length
 1977 OK CR 41, 560 P.2d 207, HANF v. STATE
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 1040.12a, Aggravated Possession of Child Pornography - Penalty
Discussed at Length
 21 O.S. 1021.2, Minors - Obscene or Indecent Writings, Pictures, etc.
Cited
 21 O.S. 1024.1, Definitions
Cited