FILED
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**July 11, 2022**

—————————————————

**Christopher M. Wolpert**
**Clerk of Court**

PAUL OWEN HAMILTON,

Petitioner - Appellant,

v.

JIMMY MARTIN, Warden,

Respondent - Appellee.

No. 21-5027
(D.C. No. 4:17-CV-00664-TCK-CDL)
(N.D. Okla.)

—————————————————

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

—————————————————

Before **MATHESON**, **BACHARACH**, and **MORITZ**, Circuit Judges.

—————————————————

Oklahoma prisoner Paul Owen Hamilton filed an opening brief challenging the

district court's denial of his 28 U.S.C. § 2254 application for habeas relief.  Because he

cannot appeal without obtaining a certificate of appealability ("COA"), *see* 28 U.S.C.

§ 2253(c)(1)(A), we construe his notice of appeal and brief as a request for a COA,

*see* Fed. R. App. P. 22(b)(2); *United States v. Chang Hong*, 671 F.3d 1147, 1148

(10th Cir. 2011).  Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny

the request for a COA and dismiss this matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

### A. *State Court Proceedings*

A jury convicted Mr. Hamilton of one count of distribution of child pornography and one count of aggravated possession of child pornography. The state court sentenced him to 10 years in prison (5 years suspended) for the distribution conviction and 25 years for the aggravated-possession conviction, to be served consecutively.

Mr. Hamilton appealed to the Oklahoma Court of Criminal Appeals ("OCCA"). He asserted that (1) the evidence was insufficient to support a conviction for distribution of child pornography, (2) the evidence was insufficient to support a conviction for aggravated possession of child pornography, (3) the state trial court misinterpreted Oklahoma's aggravated-possession statute, and (4) the sentence was excessive. *Hamilton v. State*, 387 P.3d 903, 905 (Okla. Crim. App. 2016). The OCCA rejected his arguments and upheld the convictions and sentences. *Id.* at 905-06.

Mr. Hamilton then filed a pro se application for post-conviction relief. He claimed that (1) his appellate counsel was ineffective; (2) his trial counsel was ineffective; (3) the prosecution failed to disclose exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963); and (4) the trial court committed fundamental error resulting in a miscarriage of justice. Mr. Hamilton also filed several motions, including a motion for transcripts at government expense and a motion to defer briefing until after he received the transcripts. The state post-conviction court denied the post-conviction application and the motions. It rejected on the merits Mr. Hamilton's claim that his appellate counsel was ineffective, and it held the remaining claims were procedurally defaulted because he

2

had not raised them on direct appeal. In addition, even though the *Brady* claim was procedurally defaulted, the court held that Mr. Hamilton failed to show the prosecution had suppressed evidence. It said, "The State of Oklahoma could not have provided a copy of the CD with child pornography on it to defense counsel, as that act is a crime. Instead, the State made available the CD to the defense attorney to view within the District Attorney's office." ROA, Vol. 1 at 190. It also stated that he failed to show how the CD was exculpatory.

Mr. Hamilton appealed the denial of his post-conviction application. The OCCA affirmed. It agreed with the grounds for the post-conviction court's decision. It further held that Mr. Hamilton was not entitled to transcripts at public expense without making a showing of need and a genuine issue of material fact and that his claims of ineffective assistance by appellate and trial counsel were meritless.

## B. *Federal District Court Proceedings*

Proceeding pro se, Mr. Hamilton filed this action in federal district court, challenging his convictions and sentences under 28 U.S.C. § 2254.[1] His application asserted eight claims for habeas relief:

1. the evidence was insufficient to support a conviction for distribution of child pornography;

2. the evidence was insufficient to support a conviction for aggravated possession of child pornography;

3. the state courts misinterpreted Oklahoma's aggravated-possession statute;

---

[1] "Although he is represented by counsel in this appeal, we review [Mr. Hamilton's] pro se [district court filings] liberally." *United States v. Herring*, 935 F.3d 1102, 1107 n.2 (10th Cir. 2019).

4. the sentence was excessive;

5. his appellate counsel was ineffective;

6. his trial counsel was ineffective;

7. the prosecution failed to disclose exculpatory evidence; and

8. fundamental trial errors resulted in a miscarriage of justice.

The district court addressed the first five claims on the merits, holding that (1) Claims 1, 2, 4, and 5 failed because Mr. Hamilton had not shown that the OCCA's decisions were contrary to or an unreasonable application of clearly established Supreme Court precedent or were based on an unreasonable determination of the facts, and (2) Claim 3 challenged the OCCA's interpretation of state law, which is not a ground for federal habeas relief. The court further held that Claims 6, 7, and 8 were procedurally barred because they were defaulted under Oklahoma law, and Mr. Hamilton failed to show cause and prejudice or a fundamental miscarriage of justice to excuse the default. The district court therefore denied the § 2254 application. It also denied a COA.

## II.  DISCUSSION

### A.  *Legal Background*

#### 1.  COA and AEDPA Standards

Mr. Hamilton must obtain a COA for this court to review the district court's denial of his § 2254 application. *See* 28 U.S.C. § 2253(c)(1)(A). To do so, he must make "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). For claims denied on the merits, Mr. Hamilton "must demonstrate that reasonable jurists

4

would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the claims denied on procedural grounds, he must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and . . .* whether the district court was correct in its procedural ruling." *Id.*

Our consideration of Mr. Hamilton's request for a COA must account for the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which requires "deferential treatment of state court decisions." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). Under AEDPA, when a state court has adjudicated the merits of a claim, a federal district court cannot grant habeas relief on that claim unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). When the district court has denied § 2254 habeas relief on the merits, we must determine as part of our COA analysis whether reasonable jurists would debate the court's decision in light of AEDPA deference to the state court. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

2. **Procedural Default**

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can" overcome the default. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Bunton v. Atherton*, 613 F.3d 973, 989

(10th Cir. 2010) ("Federal habeas courts are prohibited from reviewing a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." (brackets and quotations omitted)). "A state procedural default is 'adequate' if it is firmly established and regularly followed." *Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir. 2008). "A state procedural default is 'independent' if it relies on state law, rather than federal law." *Id.*

To overcome a procedural default, an applicant must either "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *see Harmon v. Sharp*, 936 F.3d 1044, 1060 (10th Cir. 2019). "'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753. To show prejudice, "a petitioner must demonstrate actual prejudice resulting from the alleged constitutional violation" of which he complains. *Johnson v. Champion*, 288 F.3d 1215, 1227 (10th Cir. 2002) (quotations omitted).

The fundamental miscarriage of justice exception to the procedural default rule "is a markedly narrow one, implicated only in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (brackets and quotations omitted). A claim of actual innocence must be based on new evidence suggesting "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623

6

(1998); *see also Calderon v. Thompson*, 523 U.S. 538, 559 (1998) ("The miscarriage of justice exception is concerned with actual as compared to legal innocence. . . . To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial." (brackets and quotations omitted)).

## B. *Analysis*

Mr. Hamilton has failed to establish that reasonable jurists would debate whether the district court correctly decided any of the issues he seeks to appeal.

### 1. **Claims Denied on Procedural Grounds**

The district court denied relief on claims 6, 7, and 8 on procedural grounds. Mr. Hamilton did not raise these claims in his direct appeal to the OCCA. Under Oklahoma law, they were waived. *See id.*; *Logan v. State*, 293 P.3d 969, 973 (Okla. Crim. App. 2013) ("[I]ssues that were not raised previously on direct appeal, but which could have been raised, are waived for further review[.]"). After determining the claims were waived and therefore procedurally defaulted on an independent and adequate state ground, the district court concluded that Mr. Hamilton had shown neither cause and prejudice nor a fundamental miscarriage of justice to excuse the default.

Before this court, Mr. Hamilton does not acknowledge the district court's determination that he procedurally defaulted these claims, let alone argue that the district court erred in finding an independent and adequate state ground for the default or in concluding that he failed to show cause and prejudice or a fundamental miscarriage of justice to excuse the default. Instead, he focuses on the merits of the underlying claims. By failing to address the grounds for the district court's decision in his opening

7

brief/application for a COA, he has waived any potential challenge to them here, *see*

*Davis v. McCollum*, 798 F.3d 1317, 1320 (10th Cir. 2015). It follows he has failed to

establish that reasonable jurists would debate the district court's decision. We thus deny

a COA on Claims 6, 7, and 8.

## 2. **Claims Denied on the Merits**

### a. *Claims 1 and 2 – Sufficiency of the evidence*

Claims 1 and 2 alleged there was insufficient evidence to convict Mr. Hamilton of

the crimes charged. The controlling Supreme Court authority regarding sufficiency of

the evidence is *Jackson v. Virginia*, 443 U.S. 307 (1979). Under *Jackson*, the evidence is

sufficient when a court determines, "after viewing the evidence in the light most

favorable to the prosecution, *any* rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt." *Id.* at 319. "Review of sufficiency of

the evidence under AEDPA adds an additional degree of deference, and the question

becomes whether the OCCA's conclusion that the evidence was sufficient constituted an

unreasonable application of the *Jackson* standard." *Simpson v. Carpenter*, 912 F.3d 542,

592 (10th Cir. 2018) (quotations omitted); *see also Coleman v. Johnson*, 566 U.S. 650,

651 (2012) (per curiam) ("*Jackson* claims face a high bar in federal habeas proceedings

because they are subject to two layers of judicial deference.").

After reviewing the evidence, the OCCA determined that

> [g]iven the distribution of obscene material originating from
> [Mr. Hamilton's] IP address, the discovery of the same type
> of material on [his] computer, the suspicious log of Internet
> search queries on that computer, and [Mr. Hamilton's]
> statements to police, a rational juror could conclude, beyond a

> reasonable doubt, that [Mr. Hamilton] knowingly possessed
> the obscene material and willfully made it available online.

*Hamilton*, 387 P.3d at 905.  On § 2254 review, the district court summarized the evidence

presented at trial and held that the OCCA's decision was not contrary to *Jackson*.

On appeal, Mr. Hamilton raises the same challenges to the OCCA's decision that

he raised in the district court.  He attempts to identify weaknesses and infirmities in the

evidence and suggests the possibility of jury confusion.  But when the state courts have

decided the evidence was sufficient, § 2254(d) limits federal habeas review to

determining whether the state court's decision was contrary to or an unreasonable

application of *Jackson*, § 2254(d)(1), or was based on an unreasonable determination of

the facts, § 2254(d)(2).  And *Jackson* calls for "viewing the evidence in the light most

favorable to the prosecution" to decide whether any reasonable jury could have

convicted.  443 U.S. at 319.  Mr. Hamilton's arguments view the evidence in the light

most favorable to him, rather than to the prosecution.

After reviewing the evidence introduced at trial, the OCCA concluded that a

reasonable jury could have found the elements of distribution of child pornography and

aggravated possession of child pornography beyond a reasonable doubt.  Mr. Hamilton

fails to show that reasonable jurists would debate the district court's conclusion that the

OCCA's decision was not contrary to *Jackson*.  We deny a COA on Claims 1 and 2.

   b.  *Claim 3 – Interpretation of state statute*

   Claim 3 alleged that the OCCA misinterpreted the Oklahoma statute regarding

aggravated possession of child pornography by holding that images on one computer hard

drive could be counted separately, rather than as one unit, to establish the 100 images required for aggravated possession. *See* Okla. Stat. tit. 21, § 1040.12a. The district court rejected this claim, stating that a challenge to a state court's interpretation of state law generally provides no ground for federal habeas relief. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) ("[F]ederal habeas corpus relief does not lie for errors of state law[.]" (quotations omitted)).

The district court recognized, however, that "[h]abeas relief for claims of state-law error are available . . . when the error 'was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process,'" Aplt. App., Vol. 3 at 862 (quoting *Hooks v. Workman*, 689 F.3d 1148, 1180 (10th Cir. 2012)). *See Estelle*, 502 U.S. at 67-68; *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1043 (10th Cir. 2017) ("A prisoner may seek relief, however, if a state law decision is so fundamentally unfair that it implicates federal due process."). But the court held that Mr. Hamilton had not satisfied that standard.

Before this court, Mr. Hamilton does not challenge the district court's analysis. He instead repeats that the OCCA misinterpreted Oklahoma law. He thus has waived any arguments regarding the district court's decision, *see Davis v. McCollum*, 798 F.3d

10

at 1320, and necessarily has failed to establish that reasonable jurists would debate the district court's rejection of this claim. We deny a COA on Claim 3.

    c. *Claim 4 – Excessive sentence*

Mr. Hamilton's sentences are within the statutory maximums, but he alleged in Claim 4 that they are excessive. The Supreme Court has held that the Eighth Amendment "prohibits not only barbaric punishments, but also sentences that are disproportionate to the crimes committed." *Solem v. Helm*, 463 U.S. 277, 284 (1983). "But outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." *Ewing v. California*, 538 U.S. 11, 21 (2003) (brackets and quotations omitted). "The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are grossly disproportionate to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring) (quotations omitted); *see also Ewing*, 538 U.S. at 23-24 (recognizing that "[t]he proportionality principles in our cases distilled in Justice Kennedy's concurrence [in *Harmelin*] guide our application of the Eighth Amendment").

The OCCA upheld the sentences. The district court held that Mr. Hamilton failed to show that the OCCA's rejection of this claim was contrary to or an unreasonable application of clearly established Supreme Court precedent. On appeal, Mr. Hamilton again argues that his sentences are excessive. But he fails to show that reasonable jurists would debate the correctness of the district court's conclusion that the OCCA's decision was not contrary to or an unreasonable application of *Solem* or any other clearly established Supreme Court law. We deny a COA on Claim 4.

d. *Claim 5 – Ineffective assistance of appellate counsel*

Claim 5 alleged that Mr. Hamilton's appellate counsel was ineffective.

i. Legal background

Under *Strickland v. Washington*, 466 U.S. 668 (1984), a defendant must show that (1) counsel's performance "fell below an objective standard of reasonableness," *id.* at 688, and (2) the deficient performance prejudiced the defense, *id.* at 692. The deficient performance prong requires a defendant to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* at 687. The prejudice prong requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A court may address the *Strickland*'s two elements in any order and need not address both if it concludes the defendant has failed to satisfy either one. *See id.* at 697.

A court reviews ineffective assistance claims with "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (quotations omitted). As *Strickland* noted, "[t]here are countless ways to provide effective assistance in any given case," and "[e]ven the best criminal defense attorneys would not defend a particular client in the same way." *Id.* Further, the federal courts must review the OCCA's resolution of Mr. Hamilton's ineffective assistance claims "through AEDPA's deferential lens." *Frost v. Pryor*, 749 F.3d 1212, 1225 (10th Cir. 2014); *see also Lockett*

12

*v. Trammell*, 711 F.3d 1218, 1248 (10th Cir. 2013) ("[W]e review [the OCCA's] analysis [of ineffective assistance of counsel claims] under the considerable deference required by *Strickland* itself—in addition to AEDPA deference.").

"[I]n evaluating an argument that appellate counsel performed deficiently in failing to raise an issue on appeal, this court typically examines the merits of the omitted issue. If the omitted issue is meritless, its omission will not constitute deficient performance." *Davis v. Sharp*, 943 F.3d 1290, 1299 (10th Cir. 2019) (brackets, footnote, citation, and quotations omitted).

### ii. Analysis

Mr. Hamilton asserted in his post-conviction petition that appellate counsel was ineffective in failing to argue that trial counsel was ineffective and in failing to raise a *Brady* claim.[2]

#### 1) Failure to argue ineffective assistance of trial counsel

To support his claim that appellate counsel was ineffective for failing to argue his trial counsel's ineffectiveness, Mr. Hamilton argued that trial counsel was ineffective in failing to investigate the facts of the case, to prepare for trial, to make the technical evidence clear to the jury, and to present exculpatory evidence. He also claimed that trial counsel's advice not to testify at trial was deficient.

---

[2] Mr. Hamilton also alleged that counsel was ineffective for failing to argue "Fundamental Error occurring at Trial which denied Petitioner a Fair Trial under the Equal Protection clause that resulted in a Wrongful Conviction was a 'Fundamental Miscarriage of Justice'." Aplt. Opening Br. at 37. We cannot identify, much less evaluate, the "appellant's contentions and the reasons for them." Fed. R. App. P. 28(a)(8)(A). We therefore do not consider this argument as a basis for issuing a COA.

13

The OCCA found no merit to this claim. Neither did the federal district court. It said, "The Court has reviewed the entire trial transcript and finds Hamilton's trial counsel objectively did not err. He raised appropriate objections, filed pre-trial motions, and effectively cross-examined the state's witnesses." Aplt. App., Vol. 3 at 865. The district court also noted that Mr. Hamilton, after advisement by the trial court, knowingly and voluntarily waived his right to testify. The court concluded that the OCCA's ruling was not contrary to or an unreasonable application of *Strickland*.

Before this court, Mr. Hamilton reargues that his appellate counsel was ineffective for failure to raise on direct appeal that his trial counsel was ineffective. He has not shown, however, that the OCCA's evaluation of this claim was contrary to or an unreasonable application of *Strickland*. Thus, reasonable jurists would not debate the district court's ruling that the OCCA's rejection of this claim was not contrary to or an unreasonable application of *Strickland*. *See Davis v. Sharp*, 943 F.3d at 1299.

### 2) Failure to raise a *Brady* claim

Mr. Hamilton claimed that appellate counsel was ineffective in not arguing that the prosecution failed to turn over exculpatory evidence to the defense—namely, "child pornography downloaded by detectives and preserved to a DVD/CD-ROM." Aplt. Opening Br. at 35. Under *Brady*, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. The elements of a *Brady* claim are "(1) the prosecutor suppressed the evidence; (2) the suppressed evidence was favorable to the accused, either

14

because it is exculpatory or because it is impeaching; and (3) prejudice ensued because the suppressed evidence was material." *Simpson*, 912 F.3d at 569.

The state post-conviction court held that Mr. Hamilton had failed to show that the prosecution suppressed the CD or that the CD was exculpatory. The OCCA agreed. The federal district court likewise recognized that "[t]he trial record is sufficient to demonstrate that no evidence was improperly withheld from the defense." Aplt. App., Vol. 3 at 856.

Before this court, Mr. Hamilton contests the state courts' determination that the CD was not exculpatory. But he ignores their and the federal district court's conclusion that the prosecution did not suppress the CD within the meaning of *Brady*. Reasonable jurists would not debate the district court's decision that the OCCA's rejection of this claim was not contrary to or an unreasonable application of *Strickland*. *See Davis v. Sharp*, 943 F.3d at 1299.

\* \* \* \*

In sum, reasonable jurists would not debate the district court's determination that the OCCA's rejection of his claim that appellate counsel was ineffective was not contrary to or an unreasonable application of *Strickland*. We therefore deny a COA on Claim 5.[3]

---

[3] In addition to his eight numbered claims, Mr. Hamilton's § 2254 application argued he was denied due process when the state post-conviction court failed to decide his motions to defer briefing and for transcripts at government expense before deciding the merits of his application for post-conviction relief. The federal district court did not address this argument. Before this court, however, Mr. Hamilton does not assert that the court erred in overlooking the argument, so he has waived the issue. *See Davis v. McCollum*, 798 F.3d at 1320.

## III.  **CONCLUSION**

We deny Mr. Hamilton's request for a COA and dismiss this matter.  We grant his motion to amend his brief to correct a factual misstatement.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge